FRANCIS KETTERER, BY NEXT FRIEND, AND FRANK KET-
TERER, PLAINTIFFS, v. PUBLIC SERVICE RAILROAD
COMPANY, DEFENDANT.

Decided January 18, 1927.

**Negligence—Injury to a Mentally Deficient Boy by a Trolley Car
—Injury Caused Loss of One Leg and Some Impairment of the
Other—Verdict of $15,000 For Boy and $9,000 For Father
Asked to be Set Aside as Excessive—Alleged That Boy's
Prospective Earning Capacity Did Not Justify Such a Sum—
Held, That Because of His Limited Mental Capacity He is
Now Deprived of the Only Means of Earning a Living, and
Verdict Will Not be Disturbed.**

On rule for new trial.

Before Justices PARKER, BLACK and CAMPBELL.

For the rule, *Henry H. Fryling.*

*Contra, Martin P. Devlin.*

PER CURIAM.

Francis Ketterer, an infant of about three years of age,
was run over by a car of the defendant on August 18th,
1924, and sustained injuries for which he has a verdict for
$15,000, and his father has a verdict for $7,000. Under this
rule we are asked to set aside both verdicts upon the ground
that they are excessive.

The boy's right leg was so injured that it was amputated
"just below the crotch—that is, about four inches of bone re-
main and that does not extend down far enough to give it
any leg * * *." "The left leg was broken at a correspond-
ing point and crushed so that it looked doubtful as to whether
it would recover. It, eventually, did recover." The child is
deficient mentally, being somewhere between an imbecile and
a moron, and his intelligence will never exceed that of a
child of eight to twelve years of age. This condition existed

prior to the happening in question and not produced nor aggravated by it.

The argument of defendant against the amounts of these verdicts is that the earning capacity of this boy, because of his mental deficiency, will be nothing, or, at best, very small.

We do not, however, feel warranted in disturbing them.

Conceding that the boy's capacity to earn is below that of one of normal mentality, we think the jury was warranted in taking into consideration that such lack of mentality left open to the boy only one means of earning and that was by manual labor and that by the deformity resulting from his injury even that door is now closed against him and he must go through the remainder of his life not only mentally but physically deficient and entirely dependent upon others for a means of existence.

As to the father, practically, the same argument applies. Not only must he maintain a mentally incompetent son, but one now rendered a cripple, unable to earn for himself and whose care for the future must therefore be more highly expensive than if he was of normal mentality.

For these considerations we are unwilling to set aside these verdicts, which in our judgment could have no possible taint of excessiveness in the case of a normal child.

The rule will be discharged, with costs.